UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Antonio Brown, ) C/A No.2:10-2280-JFA-RSC
)
Plaintiff, )
)
vs. )
)
Williamsburg County Detention Center; ) Report and
Mr. Chief Brown, ) Recommendation
)
Defendants. )

The Plaintiff, Antonio Brown (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee of the Williamsburg County Detention Center (Detention Center), and files this action in *forma pauperis* under 28 U.S.C. § 1915. The complaint names the Detention Center and the Detention Center's Chief, Mr. Brown, as Defendants.[2] For the reasons discussed below, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

The complaint alleges that Plaintiff "had a seizure coming down the stairs" on August 19, 2010. See Complaint, page 3. Plaintiff claims he has received "poor medical care at Williamsburg County Detention Center," and that he has requested "help" from a nurse but gotten no reply. Id. Plaintiff states that he was put "back on the top floor" upon his return from the hospital and that he continues to have pain in his neck, back, and legs. Id. Plaintiff seeks a full investigation of his case, release from custody[3], appointment of an attorney, and eighty thousand dollars ($80,000) in monetary damages. Id. at 4.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of

---

[3] State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. §§ 2241 or 2254. To the extent Plaintiff seeks release from the Williamsburg County Detention Center, he must file a Petition for a Writ of Habeas Corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973)(habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).

3

*Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that he fell down the stairs and injured himself at the Williamsburg County Detention Center (Detention Center). Although Plaintiff was taken to the hospital as a result of his accident, Plaintiff alleges that he has not received adequate medical attention since his return to the Detention Center. Liberally construed, Plaintiff appears to be alleging that the Defendants have violated Plaintiff's constitutional rights by being deliberately indifferent to Plaintiff's medical needs. However, as discussed below, the instant complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted under § 1983.

As an initial matter, Plaintiff has named one Defendant, the Detention Center, that is not amenable to suit under § 1983. It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822,

4

823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). The Detention Center is a building, primarily used to house pretrial detainees. As this Defendant does not qualify as a "person" amenable to suit under § 1983, the Williamsburg County Detention Center should be summarily dismissed from this action.

Next, Plaintiff names the Chief of the Detention Center, Mr. Brown, as a Defendant in this case. However, outside of the complaint's caption and "parties" section, the pleading contains no facts to demonstrate that Defendant Brown violated any of Plaintiff's constitutional rights. A plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). While Plaintiff is not required to plead facts sufficient to prove his case as an

5

evidentiary matter in the complaint, he must allege facts that support a claim for relief, *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003), and this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The instant complaint's claims, absent any personal allegations against Defendant Brown, are insufficient to state a claim under § 1983 against this Defendant.

Further, to the extent Plaintiff is suing Defendant Brown as the Chief or supervisor of the Detention Center, his claim likewise must fail. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). As Plaintiff provides no information to satisfy any of the above criteria, the complaint fails to establish liability against Defendant Brown in his supervisory capacity.

## Recommendation

Accordingly, it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

September 16, 2010
Charleston, South Carolina

Robert S. Carr
United States Magistrate Judge

**_Plaintiff's attention is directed to the important notice on the next page._**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).