UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Antonio Brown, | ) | C/A No. 2:10-2280-JFA-RSC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Williamsburg County Detention Center; Mr. Chief Brown, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Antonio Brown, brings this action pursuant to 42 U.S.C. § 1983. He was a detainee at the Williamsburg County Detention Center ("WCDC") at the time this action was filed. The plaintiff alleges that he received poor medical care while at the WCDC and seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the complaint should be dismissed for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation, which was entered on the docket on September 16, 2010. Neither party has filed objections and the time limit to do so has expired.

As the Magistrate Judge correctly notes, to state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or the laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, the plaintiff cannot show any actions by the defendant violated any federally protected right. The defendant WCDC is not a person and cannot act under color of state law. Additionally, the plaintiff does not allege facts to demonstrate that defendant Brown violated any of his constitutional rights. This court agrees with the Magistrate Judge that the plaintiff has failed to allege a claim cognizable under § 1983.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

October 22, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge